# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41359
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EVA MENDEZ-SANDOVAL,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-204-2

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Eva Mendez-Sandoval was convicted by a jury of one count of possession, with intent to distribute, cocaine, and one count of conspiracy to possess, with intent, to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. She was sentenced to, *inter alia*, a within-Guidelines sentence of 121-months' imprisonment. She challenges her conviction on the basis that there

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

was insufficient evidence to prove she had knowledge of the cocaine hidden in the secret compartment of her vehicle.

Mendez moved for a judgment of acquittal based on insufficient evidence at the close of the Government's case; but, after presenting evidence (she testified), she did not renew her motion at the close of all the evidence. Therefore, the sufficiency of the evidence is reviewed only for a manifest miscarriage of justice. *See United States v. Salazar*, 542 F.3d 139, 142 (5th Cir. 2008). In that regard, reversal is warranted only if "the record is devoid of evidence of guilt or . . . the evidence is so tenuous that a conviction is shocking". *Id.* (internal quotation marks and citation omitted).

When drugs are discovered in defendant's vehicle and are clearly visible or readily accessible inside the vehicle, guilty knowledge may be inferred from defendant's control over the vehicle. *United States v. Pennington*, 20 F.3d 593, 598 (5th Cir. 1994). When, as in this instance, the drugs are hidden, however, the Government must present circumstantial evidence, beyond mere control of the vehicle, that is suspicious in nature or demonstrates guilty knowledge. *United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir. 2003). Such circumstantial evidence may include evidence of "consciousness of guilt, conflicting statements, or an implausible account of events". *United States v. Rojas Alvarez*, 451 F.3d 320, 334 (5th Cir. 2006).

Mendez testified she believed she was smuggling currency into the United States to purchase tractors, rather than smuggling drugs. The Government, however, presented testimony from law enforcement officers that made her story implausible. *See id.* In addition, Mendez provided inconsistent statements to the Border Patrol Agents regarding the reasons she was travelling to the United States. *See United States v. Diaz-Carreon*, 915 F.2d 951, 954–55 (5th Cir. 1990). Her husband, who was travelling in the vehicle

No. 16-41359

with her, also initially provided a statement that was inconsistent with Mendez'. Moreover, the substantial quantity and value of the cocaine found provides further support for the jury's verdict. *See Villarreal*, 324 F.3d at 324. Finally, although Mendez generally denied having any knowledge of the cocaine in the vehicle, the jury was free to weigh her credibility, reject her version of the events, and adopt the version established by the Government's witnesses. *See United States v. Al-Kurna*, 808 F.2d 1072, 1075 (5th Cir. 1987).

In sum, the evidence, when viewed in the requisite light most favorable to the Government, sufficiently establishes Mendez fails to show "the record is devoid of evidence of guilt or . . . the evidence is so tenuous that a conviction is shocking". *Salazar*, 542 F.3d at 142 (internal quotation marks and citation omitted). Accordingly, Mendez has not demonstrated the requisite manifest miscarriage of justice.

AFFIRMED.